UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARGARET FROBY,

        Plaintiff,

v.

CLARK COUNTY SCHOOL DISTRICT; *et al.*,

        Defendants.

2:12-cv-1789-LRH-PAL

ORDER

Before the court is defendant Clark County School District's ("CCSD") motion for summary judgment. Doc. #45.[1] Plaintiff Margaret Froby ("Froby") filed an opposition (Doc. #46), to which CCSD replied (Doc. #47).

**I.    Facts and Procedural History**

Defendant CCSD provides educational services for inmates at various correctional facilities run by the Nevada Department of Prisons ("NDOP"). Plaintiff Froby, an employee of CCSD, was the principal for inmate classes at the Florence McClure Women's Correctional Center ("McClure") until August 2011. While working at McClure, Froby alleges that she was subjected to a hostile working environment by NDOP correctional officer Lieutenant Robert Hendrix ("Lt. Hendrix").

///

---

[1] Refers to the court's docket number.

After leaving as principal for McClure, Froby filed a Title VII complaint against CCSD alleging a claim for a hostile working environment. Doc. #1. Thereafter, CCSD filed the present motion for summary judgment. Doc. #45.

## II.   Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of

///

evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III. Discussion

Title VII prohibits discrimination against an employee on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). To prevail on a Title VII discrimination claim, a plaintiff must establish a *prima facie* case of discrimination by presenting evidence that "gives rise to an inference of unlawful discrimination." *Cordova v. State Farm Ins. Co.*, 124 F.3d 1145, 1148 (9th Cir. 1997); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Although not explicitly included in the text of Title VII, claims based on a hostile work environment fall within Title VII's protections. *See Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993). To state a hostile work environment claim, Froby must establish that (1) she was subjected to verbal or physical harassment because of her gender, (2) the harassing conduct was unwelcome, and (3) the harassing conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003); *see also, Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002); *Nichols v. Aztec Restaurant Enterprises, Inc.*, 256 F.3d 864, 871 n.4 (9th Cir. 2001).

In its motion, CCSD argues that Froby has failed to establish a *prima facie* claim of a hostile working environment while at McClure. *See* Doc. #45. As addressed below, the court agrees.

In her complaint, Froby identifies several incidents that occurred between June 2010 and August 2011 which she argues constitute harassment by Lt. Hendrix sufficient to create a hostile working environment. These incidents include: (1) Lt. Hendrix denying her access to the correctional center's visitor room to meet an inmate's family; (2) Lt. Hendrix making the comment to Froby that "I love my daughter, but I got her from a one night stand and now I am forced to deal with her mother;" (3) Lt. Hendrix removing inmate workers from the education department without Froby's knowledge and yelling at them for movement violations; (4) Lt. Hendrix arguing with

Froby about inmates in the educational department; and (5) Lt. Hendrix's general loud and obnoxious behavior.

The court has reviewed the documents and pleadings on file in this matter and finds that Froby has failed to establish a *prima facie* claim of a hostile work environment under Title VII. Reviewing the specific incidents identified by Froby - and which make up the whole basis for her claim - the court finds that none of the conduct complained of was gender based or gender motivated. Further, there is no evidence that Lt. Hendrix engaged in the above conduct *because* Froby is a women. Froby's sole argument for gender-based discrimination is that because she is female, Lt. Hendrix must have necessarily engaged in his harassing conduct because of her gender. However, there is no evidence to support her assumption. Froby has failed to proffer any evidence that Lt. Hendrix favored male CCSD employees at McClure more favorably than female employees or that his attitude and conduct towards male employees was different from that directed at Froby. In fact, there is a complete lack of evidence concerning Lt. Hendrix's treatment of males at McClure. Therefore, the court finds that Froby has failed to establish a claim for a hostile working environment and the court shall grant CCSD's motion accordingly.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #45) is GRANTED. The clerk of court shall enter judgment in favor of defendant Clark County School District and against plaintiff Margaret Froby in this action.

DATED this 25th day of August, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE